**Richard S. LINCOLN, Respondent,**

v.

**Debra Ann Cone LINCOLN, Appellant.**

**No. WD 57297.**

Missouri Court of Appeals,
Western District.

April 25, 2000.

Susan Ford Robertson, Columbia, for appellant.

Charles J. Dykhouse, Columbia, for respondent.

Before LAURA DENVIR STITH, P.J., ULRICH, J. and SMART, J.

ROBERT G. ULRICH, Judge.

Debra Ann Cole Lincoln appeals the judgment of the trial court dissolving her marriage to Richard Lincoln. She contends that the trial court erred in limiting her maintenance award to 18 months. The judgment of the trial court limiting the duration of the order of maintenance is reversed.

The trial court entered its judgment dissolving the three-year marriage of the parties on March 31, 1999. It awarded the parties their separate property and divided the marital property. The court also ordered Mr. Lincoln to pay $175 per month in maintenance to Ms. Lincoln because Ms. Lincoln suffers from rheumatoid arthritis and is unable to meet her reasonable needs through her employment and social security disability payments. The court limited the maintenance award to 18 months. This appeal followed.

In her sole point on appeal, Ms. Lincoln contends that the court erred in limiting her maintenance award to 18 months because she is permanently disabled and no evidence was offered that her financial condition will improve after 18 months. Section 452.335.1 provides that the trial court may grant a maintenance order if it finds that the spouse seeking maintenance lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs and is unable to support herself through appropriate employment. § 452.335.1, RSMo 1994. Once the court determines that a maintenance award is necessary, it must set the amount and duration of the award after careful consideration of all relevant factors found in section 452.335.2. § 452.335.2. A maintenance award of limited duration is justified only where substantial evidence exists of an impending change in the financial condition of the parties. *Allen v. Allen,* 961 S.W.2d 891, 896 (Mo.App. W.D.1998). Maintenance should not be prospectively terminated if no evidence is presented or no reasonable expectation can be made that the circumstances of the parties will be markedly different in the future. *Id.* Thus, the judicial preference is for a maintenance award of unlimited duration. *Id.* Limitation on the duration of a maintenance award based on mere speculation or not supported by sufficient evidence that the parties' circumstances will be markedly different in the future constitutes an abuse of discretion. *Judy v. Judy,* 998 S.W.2d 45, 51 (Mo.App. W.D.1999).

The record reveals that Ms. Lincoln suffers from rheumatoid arthritis, a chronic, incurable illness. The illness necessitates permanent medical care and inhibits her ability to work. Although Ms. Lincoln has a college degree in interior design, her illness prevents her from working in the field. Despite her physician's discouraging her from working, Ms. Lincoln answers telephones earning $7.50 per hour. She also receives social security disability benefits of $433 per month. Mr. Lincoln, on the other hand, earned approximately $40,-000 in 1997, and he testified that he earned even more in 1998. No evidence was offered of an impending change in Ms. Lincoln's medical or financial condition. To the contrary, in a letter introduced at trial, Ms. Lincoln's physician stated that her prognosis for recovery is non-existent, that remission, which she has not experienced, is the best that she can hope for, and that she is unlikely to ever maintain meaningful employment. Likewise, no evidence was offered indicating that Mr. Lincoln's

means will decrease in the future.[1] Where no evidence was presented that the circumstances of the parties will be markedly different in the future, the trial court abused its discretion in limiting the maintenance award to 18 months.

Mr. Lincoln argues that the trial court based its durational limitation on maintenance on the length of time Ms. Lincoln is eligible to continue her health care insurance coverage through his employment. He cites two cases, *Rich v. Rich*, 871 S.W.2d 618 (Mo.App. E.D.1994), and *In re Marriage of Davis*, 821 S.W.2d 123 (Mo. App. W.D.1991), in support of his argument that the trial court did not abuse its discretion in terminating his maintenance obligation after 18 months. Such cases, however, are inapposite. First, Mr. Lincoln's argument assumes the trial court rested its judgment on such a basis. The trial court did not specify why it limited the maintenance award to 18 months, and the record does not support such assumption. The court's maintenance award was $175 per month. The record, however, indicates that the cost to continue Ms. Lincoln's health insurance coverage through Mr. Lincoln's employer will be $158. Secondly, the cases cited by Mr. Lincoln involve termination of orders to provide health insurance at the end of the period the recipient spouse was eligible for continued coverage following dissolution under the federal COBRA law. In this case, Mr. Lincoln was not required to pay health insurance premiums to provide Ms. Lincoln with medical insurance for 18 months through the COBRA plan. Instead, he was ordered to pay her $175 per month in maintenance because she is un-

able to meet her reasonable needs through her employment and social security disability benefits. Finally, even assuming the court based its future termination of maintenance on the time Ms. Lincoln's eligibility under COBRA to continue health insurance coverage through Mr. Lincoln's employer expires, such termination was not justified under the circumstances in this case. As discussed, the record does not support a reasonable expectation that Ms. Lincoln's circumstances will be markedly better in the future. The record suggests that at the end of her eligibility to continue her health insurance through the COBRA plan, Ms. Lincoln will be without health insurance and, therefore, in a worse financial situation. The limitation on the duration of the maintenance award was, therefore, an abuse of discretion.

The judgment of the trial court limiting the duration of the order of maintenance is reversed. It is ordered, adjudged, and decreed by the Court that Richard S. Lincoln shall pay maintenance of $175 per month to Debra Ann Cole Lincoln without limit as to duration. Rule 84.14.

LAURA DENVIR STITH, P.J. and SMART, J. concur.

---

1. Mr. Lincoln offered evidence that his monthly expenses exceed his monthly income. He argues that in limiting the duration of his maintenance obligation, the trial court implicitly found that he could "deficit-spend" for a short time to provide Ms. Lincoln with the benefit of continuation of health insurance coverage for the period permitted but that his resources did not permit a maintenance award beyond that period. The trial court, however, did not make such a finding. Furthermore, the argument suggests that he currently is unable to pay maintenance and meet his own needs and is inconsistent with the trial court's award of maintenance to Ms. Lincoln after consideration of the factors in section 452.335.2, RSMo 1994, specifically subsection 8, which requires consideration by the court of the ability of the spouse from whom maintenance is sought to satisfy his needs while contributing to satisfy those of the spouse seeking maintenance.