Linda L. DRESSEL, Appellant,

v.

Jon R. DRESSEL, et. al, Respondents.

No. ED 87312.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 9, 2007.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 8, 2007.

Linda Dressel, St. Louis, pro se.

Deborah Jean Volmert, Belleville, IL,
Graham L. Day, St. Louis, MO, for respondents.

BOOKER T. SHAW, Judge.

Appellant Linda L. Dressel ("Appellant") appeals *pro se* the trial court's judgment dismissing her petition for failure to state a claim against Regions Bank, successor through merger to Union Planters Bank, N.A. ("Respondent"). Because Appellant's brief fails to comply with the re-

quirements of Rule 84.04, we dismiss the appeal.[1]

Appellant filed her Third Amended Petition against Respondent, Jon R. Dressel, Deborah Cheek, Tina Itschner,[2] William Hecht, Jr., and A. Thomas DeWoskin, alleging nine counts: abatement, unjust enrichment, breach of enforcement of contract, breach of fiduciary duty, "tortious duress," conspiracy, tortious interference with business contracts and marital covenants, tortious interference with beneficial expectancy and replevin. Respondent filed a motion to dismiss Counts II through IX of Appellant's petition for failure to state a claim upon which relief could be granted. The trial court dismissed with prejudice Appellant's petition against Respondent.[3] This appeal follows.

Respondent filed a "Motion to Strike Appellant's Brief and to Dismiss Appeal as to [Respondent]," which was taken with the case. We now grant that motion and dismiss Appellant's appeal.

■■■ Appellant's brief violates several provisions of Rule 84.04. *Pro se* appellants are held to the same procedural rules as attorneys. *In re H.B.,* 165 S.W.3d 578, 579 (Mo.App. S.D.2005). Failure to substantially comply with Rule 84.04 preserves nothing for our review and warrants dismissal of the appeal. *McCullough v. McCullough,* 195 S.W.3d 440, 442 (Mo. App. S.D.2006).

■■■ First, we note Appellant's statement of facts violates Rule 84.04(c). This provision of the Rule requires an appel-lant's brief to contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). " 'The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case.' " *In re Marriage of Shumpert,* 144 S.W.3d 317, 320 (Mo.App. E.D.2004) (quoting *Kent v. Charlie Chicken, II, Inc.,* 972 S.W.2d 513, 515 (Mo.App. E.D.1998)). We are unable to decipher Appellant's statement of facts to determine the pertinent facts of this appeal.

■■ Second, none of Appellant's eight points comply with Rule 84.04(d)(1). This Rule specifies that the points shall be in substantially the following form: "The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error]." Rule 84.04(d)(1). " 'The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts.' " *In re Marriage of Shumpert,* 144 S.W.3d at 320 (quoting *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978)). This Rule gives notice to the opposing parties of the precise matters that must be contended with and to inform the court of the issues presented for review. *Id.*

Appellant's points relied on fail to comply with the requirements set forth in Rule

1. Appellant's "Motion for Leave and Continuance of Time to File Reply/Amend," filed on December 12, 2006, one day before oral argument of this case, is hereby denied.

2. Defendants Cheek and Itschner, who were subsequently dismissed by the trial court, filed a Motion to Dismiss Appeal or, in the Alternative, for an Extension of Time to Submit Response Brief, with this Court. Their request for extension of time to submit a response brief was denied, and their motion to dismiss the appeal was taken with the case. That motion is hereby denied.

3. The trial court also dismissed the remaining defendants from this case.

84.04(d). The points relied on do not identify the rule of law the trial court should have applied, nor do they specify the evidentiary basis supporting the application of the rule of law suggested. *See* Rule 84.04(d)(1). They also fail to set out the legal bases for reversal and explain in summary fashion why, in the context of the case, reversal is mandated on the legal grounds asserted. " 'It is not sufficient to merely set out what the alleged errors are, as [Appellant] has done in this case, without stating why the ruling is erroneous.' " *In re H.B.*, 165 S.W.3d at 582 (quoting *Murphy v. Aetna Cas. & Sur. Co.*, 955 S.W.2d 949, 950 (Mo.App. S.D.1997)). In addition, Appellant's points relied on do not intelligibly identify the issues she is raising on appeal. Lastly, Appellant's points relied on violate Rule 84.04(d)(4), which provides that "[a]bstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4). "We cannot begin to interpret Appellant's points as stated because we would be forced to act as an advocate for Appellant," and that is not our function. *In re H.B.*, 165 S.W.3d at 582.

Finally, Appellant's brief does not comply with Rule 84.04(i)'s requirement that "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript." Rule 84.04(i). The argument portion of Appellant's brief is devoid of any reference to the record on appeal.

Due to all of these deficiencies in Appellant's brief, we dismiss Appellant's appeal.

DISMISSED.

MARY K. HOFF and PATRICIA L. COHEN, JJ., concur.