Larry M. WALLER, Appellant,

v.

Sid SHIPPEY, Sheriff, et al., Respondents.

No. WD 68386.

Missouri Court of Appeals, Western District.

May 6, 2008.

Robert Anthony Farkas, Sedalia, for appellant.

David Stephen Baker, Overland Park, KS, for respondents.

Before VICTOR C. HOWARD, Chief Judge, HAROLD L. LOWENSTEIN, Judge and THOMAS NEWTON, Judge.

VICTOR C. HOWARD, Chief Judge.

Appellant Larry M. Waller stored two Harley Davidson motorcycles, which were titled in his name, on Henry Oberholtz's land. In March of 1999, the Bates County Sheriff's Department executed a search warrant on Oberholtz's land and found a methamphetamine production operation, several stolen cars, and Waller's motorcycles. The Bates County prosecuting attorney filed a petition for forfeiture under Missouri's Criminal Activities Forfeiture Act (CAFA) and obtained a Judgment of Forfeiture, which included Waller's two motorcycles. Waller, who was incarcerated at the time, was not served with the petition. Acting pursuant to the judgment of forfeiture, the Bates County Sheriff's

Department sold the motorcycles. Upon learning that his property had been seized, Waller filed a conversion action against individual members of the Bates County Sheriff's Department and several Bates County Commissioners. The defendants sought and received summary judgment on the theory that their acts were protected by judicial immunity.

## Rule 84.04

■ Waller's appellate brief is patently noncompliant with Missouri Supreme Court Rule 84.04.[1] "[F]ailure to substantially comply with [the rule setting forth requirements for appellate briefs] preserves nothing for review." *In re Marriage of Mahan*, 129 S.W.3d 874, 876 (Mo. App. E.D.2004). Consequently, we are unable to reach the merits of the appeal and dismiss pursuant to Rule 84.13(a). *See Dressel v. Dressel*, 214 S.W.3d 341, 342 (Mo.App. E.D.2007).

Three briefing deficiencies guide our decision in dismissing this appeal: the point relied on fails to apply the legal reasoning to the alleged trial error, the jurisdictional statement is inadequate, and Waller states no standard of review.

■ Waller's point relied on fails to comply with the Missouri Supreme Court Rules. "The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." *Id.* The purpose of Rule 84.04(d) " 'is to give notice to the opposing party of the precise matters which must be contended with and to in-

form the court of the issues presented for review.' " *Hall v. Mo. Bd. of Prob. & Parole*, 10 S.W.3d 540, 543 (Mo.App. W.D. 1999) (quoting *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997)). The Missouri Supreme Court Rules outline a form for all points relied on: " 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].' " Rule 84.04(d)(1)(C).

■ Waller's point relied on states:
The trial court erred by sustaining Respondent's Motion for Summary Judgment and overruling Appellant's Motion to Add Party [sic].[2] The action of the trial court constituted reversible error due to the fact that under Missouri's CAFA law Appellant is an "innocent party". [sic] RSMo § 513.607 (1986).[3] Further, Missouri case law puts the burden on representatives of the state to search their own records to discover "innocent parties". [sic] Representatives of the state (Respondents herein) failed to search their own records to discover that Appellant was an "innocent party". [sic] As a result thereof, Respondents failed to give Appellant required notice that his property was potentially being forfeited.

Waller's point relied on indicates trial error (the trial court erred in granting summary judgment), describes a legal theory (Waller is an "innocent party" under CAFA and the State has a duty to search

---

1. All citations to rules refer to Missouri Supreme Court Rules (2008).

2. The claim that the trial court erred in failing to add a party is not mentioned again in the brief. Even if the remainder of the brief satisfied Rule 84.04, this portion of the claim would still be unpreserved for appellate review. "This court does not review conten-

tions in points relied on which are not supported by argument in the argument portion under the point to which they refer." *Reese v. Ryan's Family Steakhouses, Inc.*, 19 S.W.3d 749, 751 (Mo.App. S.D.2000).

3. It is unclear why Waller cites to RSMo 1986 rather than RSMo 2000.

its records to discover innocent parties), combines this theory with a factual assertion[4] (that the defendants did not search their records), and arrives at a conclusion wholly unrelated to the error initially designated by the point (the State failed to provide notice to Waller of the forfeiture proceedings). Waller's sole point on appeal does not explain how the legal reason for the reversible error (that he was an innocent party not served with notice of the forfeiture) relates to the error complained of (the grant of summary judgment on the basis of judicial immunity). The explanation or relation between the ultimate error and the legal theory is a necessary portion of a point relied on and is notably absent. Without such a link, both this court and the respondents are left guessing at the nature of appellant's argument.[5]

■■■ Furthermore, "[i]t is the appellant's responsibility to invoke the court's jurisdiction and to support that proposition by an affirmative statement to that effect in the brief. Where such is not done, the appeal is subject to dismissal." *Joy v. New Plaza BMW & Pontiac,* 771 S.W.2d 906, 907 (Mo.App. W.D.1989). The jurisdictional statement, required by Rule 84.04(a), must "set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3 of the Constitution whereon jurisdiction is sought to be predicated." Rule 84.04(b). Waller's jurisdictional statement consists of a conclusory recital of jurisdiction with no factual description of the case. In its entirety, it reads:

This case is an appeal from a Judgment of the Circuit Court of Henry County, Missouri. In said case, the Court sustained Respondent's Motion for Summary Judgment and overruled Appellant's Motion to Add a Party. The case involved interpretation of Missouri statutes and case law. Therefore, jurisdiction is proper in this court.

This jurisdictional statement provides no factual background concerning the case and does not describe why the case should be heard at the Missouri Court of Appeals rather than the Missouri Supreme Court. *See Buttress v. Taylor,* 62 S.W.3d 672, 677 (Mo.App. W.D.2001). It, therefore, fails to comply with Rule 84.04(b).

■■■ The argument section of the brief is deficient as well. Waller omits any reference to the applicable standard of appellate review as required by Rule 84.04(e). The rule states that "[t]he argument shall also include a concise statement of the applicable standard of review for each claim of error." The standard of review is an essential portion of all appellate arguments; it outlines this court's role in disposing of the matter before us. *See Woodard v. SmithKline Beecham/Quest,* 29 S.W.3d 843, 844 (Mo.App. E.D.2000). While it would be easy enough for this court to determine the applicable standard of review, it is not our duty to supplement the deficient brief with our own research. *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978).

■■■ It is never this court's preference to dismiss an appeal without reaching

---

**4.** No citation to the record concerning this fact is found in the argument section of the brief. *See* Rule 84.04(i).

**5.** Even assuming that we concluded that the point relied on was reviewable, it is still unclear how the point would be adequate cause to overturn the summary judgment. Sum-

mary judgment was granted on the grounds of judicial immunity. Even assuming that the defendants violated some duty to search their records for innocent owners or notify Waller of the forfeiture proceeding, his claim does not combat the assertion made by the defendants that they are entitled to judicial immunity.

the merits. Yet Rule 84.04 serves several important functions. "[C]ompliance with Rule 84.04 ensures that the appellate court does not act as an advocate for the party by speculating on facts and arguments that were not asserted." *Woodson v. City of Independence,* 124 S.W.3d 20, 24 (Mo.App. W.D.2004).

> This court is not in the practice of striking briefs after an occasional error of citation, spelling, grammar, or usage. However, when a brief is so defective as to require us and opposing counsel to hypothesize about the appellant's argument and precedential support for that argument, we cannot reach the merits. By doing so we would run the risk of creating poor precedent and manipulating the adversarial process.

*Kimble v. Muth,* 221 S.W.3d 419, 424 (Mo. App. W.D.2006). While we dismiss the appeal, our examination of the record reveals no glaring errors. However, the complete absence of a standard of review, the jurisdictional statement without mention of the facts of the case, and a point relied on which does not connect the designated error with the legal reasoning falls below an acceptable standard. Reaching the merits would require considerable advocacy on our part and would thereby increase the likelihood of reaching the wrong decision and generating questionable precedent.

We, therefore, dismiss the instant appeal.

All concur.