

# In the Missouri Court of Appeals
## Eastern District

DIVISION ONE

| | | |
|---|---|---|
| RICHARD SHEERIN, | ) | No. ED101583 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| vs. | ) | of St. Louis County |
| | ) | |
| | ) | |
| TOINET SHEERIN, | ) | Honorable Mary Elizabeth Ott |
| | ) | |
| Respondent. | ) | FILED:  April 21, 2015 |

## OPINION

Richard Sheerin appeals from the trial court's judgment awarding $1,000 in monthly maintenance to his former spouse, Toinet Sheerin.  We reverse and remand.

### Background

The parties married in 1991. Toinet had three children at the time, then ages 8, 9, and 15. The parties had no children together. Richard is a concrete worker in the construction industry and was the breadwinner for the family throughout the marriage. Toinet occasionally worked minimum wage jobs but primarily raised the children and maintained the household.

The parties separated and filed cross-petitions for dissolution in 2012. Toinet stayed in the marital residence. Richard moved in with his father.  At the time of trial, Richard earned a gross monthly salary of $2,083 ($1,711 net) working for a construction company and also derived about $1,000 monthly from independent jobs. Richard testified

that he had multiple injuries and health problems resulting from a long career in construction such that his earning capacity was diminishing with age (then 53). He further testified that he would be eligible to draw on his union pension (then $2,617 total) at age 62, or earlier with penalties. Toinet, age 59 at the time of trial, remained unemployed and received $265 per month in food stamps and disability benefits relating to mental health issues. The parties jointly owned a residence ($98,000), two cars ($9,000), and several bank accounts ($14,000). Their debt consisted of a mortgage ($103,000), personal loans from Richard's family members ($10,000), and Toinet's medical bills ($3,690).

Richard's itemized living expenses were $2,599. Toinet's claimed expenses were $1,824. Both figures included the couple's mortgage of $713, which Richard was paying to avoid foreclosure while Toinet occupied the residence. Toinet testified that she was eligible for subsidized housing and intended to avail herself of that option after dissolution. Both parties acknowledged that they would receive social security benefits in the coming years.

The trial court granted judgment of dissolution and awarded Richard the marital residence, his car, certain bank accounts totaling just over $6,000, and his separate and marital portions of his union pension. The court ordered Richard to assume the home mortgage, the credit card debt, and the personal loans. The court awarded Toinet her vehicle, certain bank accounts totaling about $5,000, and her marital portion of Richard's union pension. The court ordered Toinet to assume the $3,690 debt for her medical bills.

On the issue of maintenance, the court found that Toinet was able to work at minimum wage, but it didn't impute any income to her in assessing her ability to support

2

herself. Rather, it found that, even with minimum wage employment, Toinet would remain unable to meet her reasonable needs. Thus, using Toinet's existing income ($265) and claimed expenses ($1,824 including the mortgage), the trial court calculated Toinet's deficit at $1,559 per month and ordered Richard to pay Toinet $1,000 in monthly maintenance. The court acknowledged that, not counting Richard's income from side jobs (*i.e.*, $1,000, which the court essentially reallocated to Toinet), Richard's remaining income from his construction job ($2,083 gross, or $1,711 net) exceeded his living expenses ($2,599) by over $500 per month.

Richard appeals and asserts that the trial court abused its discretion in awarding Toinet $1,000 in monthly maintenance in that this amount exceeds his financial means.

**Standard of Review**

We affirm the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976); Coughlin v. Coughlin, 823 S.W.2d 73, 75 (Mo. App. E.D. 1991). We view the evidence and permissible inferences therefrom in the light most favorable to the trial court's judgment and disregard all contrary evidence and inferences. In re Marriage of Maninger, 106 S.W.3d 4, 9 (Mo. App. E.D. 2003). We defer to the trial court's determinations of witness credibility. Vanderpool v. Vanderpool, 250 S.W.3d 791, 795 (Mo. App. S.D. 2008).

The trial court has broad discretion in awarding maintenance. Evans v. Evans, 45 S.W.3d 523, 526 (Mo. App. W.D. 2001). "The trial court abuses its discretion only when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful

consideration." <u>Vanderpool</u>, 250 S.W.3d at 795.

**Discussion**

Section 452.335.1 permits a trial court to award maintenance if it finds that the requesting spouse: (1) lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs and (2) is unable to support herself through appropriate employment. §452.335.1; <u>Garrison v. Garrison</u>, 255 S.W.3d 37, 40 (Mo. App. W.D. 2008). Richard does not dispute the trial court's findings on these factors.

Once a spouse seeking maintenance has established the threshold requirements of §452.335.1, the trial court then must consider the following factors in determining the amount and duration of maintenance:

1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently;
2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
3) The comparative earning capacity of each spouse;
4) The standard of living established during the marriage;
5) The obligations and assets, including the marital property apportioned to him and the separate property of each party;
6) The duration of the marriage;
7) The age and physical and emotional condition of the spouse seeking maintenance;
8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;
9) The conduct of the parties during the marriage; and
10) Any other relevant factors.

§452.335.2; <u>Garrison</u>, 255 S.W.3d at 40-41. "The court is to apply the factors so as to balance the reasonable needs of the spouse seeking maintenance against the ability of the other spouse to pay." <u>Id.</u> at 41. "In order to justify a change on appeal, the amount of maintenance must be unwarranted and wholly beyond the means of the spouse who is required to pay." <u>Rombach v. Rombach</u>, 867 S.W.2d 500, 505 (Mo. 1993).

Such is the case here. Even accepting Richard's income at the time of trial and

disregarding his physical limitations affecting future earnings, the trial court expressly acknowledged that its award left Richard at a deficit of $500 per month. Thus, the award is clearly beyond his means.

Further, the court's calculation of Toinet's income, expenses, and resulting deficit is against the logic of the circumstances. Though a trial court isn't legally required to impute income to a spouse seeking maintenance, we find it puzzling that the court here specifically found Toinet capable of minimum wage employment yet assumed in its deficit calculation (using a total income of $265 in public benefits) that she would remain unemployed for the rest of her life. "A divorcing spouse has an affirmative duty to seek full-time employment." Calhoun v. Calhoun, 156 S.W.3d 410, 414 (Mo. App. S.D.) "A court is allowed to impute income to a spouse seeking maintenance according to what that spouse could earn by use of his or her best efforts to gain employment suitable to his or her capabilities. Id. "A court should consider the obligation of a spouse to contribute to his or her own support." Thomas v. Thomas, 76 S.W.3d 295, 302 (Mo. App. W.D. 2002) (remanding with instructions to impute income). Additionally, on the expense side of the deficit equation, the court allotted $713 for Toinet's housing costs, though the record established that Richard paid the mortgage and Toinet was relocating to subsidized housing. Thus, in this respect as well, the court's award is against the weight of the evidence and indicates a lack of careful consideration.

"Maintenance serves the purpose of allowing the receiving spouse to readjust financially during a period of dependency." Calhoun, 156 S.W.3d at 414. "The emphasis of the maintenance statute is to allow a party support until he or she can become self-sufficient." Id. The trial court's maintenance award discounts Toinet's obligation to seek

5

employment, exceeds Richard's ability to pay, and constitutes an abuse of discretion. Point granted.

## Conclusion

The trial court's judgment is reversed, and the case is remanded for reconsideration of maintenance consistent with this opinion. Given the time elapsed since the judgment, the trial court would properly exercise its discretion to re-open the record in order to assess the parties' financial circumstances based on current information.

_____
CLIFFORD H. AHRENS, Judge

Lawrence E. Mooney, P.J., concurs.
Lisa Van Amburg, J., concurs.