

## Missouri Court of Appeals
### Southern District
### Division One

| | | |
|---|---|---|
| JURIS P. SIMANIS, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD35641 |
| | ) | |
| CATHERINE L. SIMANIS, | ) | FILED: January 30, 2020 |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

Honorable Elizabeth V. Rohrs, Judge

**AFFIRMED.**

Catherine L. Simanis ("Wife") appeals the trial court's dissolution judgment as to the parenting plan, maintenance award, the division of marital property and debt, and award of attorney fees in favor of Juris P. Simanis ("Husband"). Husband contends, and we agree, that Wife's brief fails to comply with the briefing requirements of Rule 84.04.[1] Because we presume the trial court's judgment is correct and Wife's failure to adhere to the strictures of Rule 84.04 provides us with no cognizable legal basis upon which to find any reversible error, we affirm.

### Standard of Review

"On appeal, a dissolution decree will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law."

---

[1] All rule references are to Missouri Court Rules (2019).

1

***Roche v. Roche***, 289 S.W.3d 747, 754 (Mo.App. 2009) (citing ***Garrison v. Garrison***, 255 S.W.3d 37, 40 (Mo.App. 2008). "The party challenging the dissolution judgment has the burden of demonstrating trial court error." ***Id.***

### Wife's Brief is Deficient

As observed by the Eastern District of our Court,

> Rule 84.04 provides the requirements for appellate briefs. . . . Compliance with the briefing requirements of Rule 84.04 is mandatory, and a brief that fails to comply with Rule 84.04 preserves nothing for appellate review. Compliance with the rule is required in order that the appellant may give notice to the party opponent of the precise matters which must be contended with and answered. Compliance is also mandatory… to ensure that appellate courts do not become advocates for the appellant by speculating facts and arguments that have not been made.

***Osthus v. Countrylane Woods II Homeowners Ass'n***, 389 S.W.3d 712, 714-15 (Mo.App. 2012) (internal citations and quotation marks omitted).

In contravention of Rule 84.04 requirements, Wife's brief fails to (1) support *any* factual assertion contained within her brief with a corresponding citation to the underlying record on appeal, (2) assert *any* legal reason for any of her claimed reversible errors, or (3) cite *any* relevant legal authority explaining or supporting any of her purported claims of error. These failures combine to impede and prevent any meaningful appellate review of the trial court's dissolution judgment.

### *No Citations to Record on Appeal*

As relevant here, Rules 84.04(c) and (e) require that all statements of fact as well as any factual assertions in the argument "have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Compliance with this mandatory requirement is "essential for the effective functioning of appellate courts[,]" in that it allows the

appellate court "to verify the evidence upon which a party relies in support of its argument . . . ." *Lombardo v. Lombardo*, 120 S.W.3d 232, 247 (Mo. App. 2003).

This requirement is mandatory because appellate review for purported trial court error is confined to the evidence before the trial court as contained in the record on appeal, *see 8182 Maryland Associates, Ltd. P'ship v. Sheehan*, 14 S.W.3d 576, 587 (Mo. banc 2000) (appellate courts generally will not consider evidence outside of the record on appeal). It is only within the context of the record on appeal that an asserted fact in an appellant's brief provides support or meaning to an appellant's argument purporting to carry the appellant's burden to demonstrate trial court error. A factual assertion in an appellant's brief that is not connected to the record on appeal by supporting citation, therefore, provides no logical or analytical support or basis for a determination by an appellate court that the trial court committed reversible error based upon that record. Because such an unsupported alleged fact bears no meaningful relationship to a purported trial court error for any purpose of appellate review, it must be ignored and may not be considered by an appellate court in evaluating the merits of an appellant's purported demonstration of trial court error.

The record on appeal here consists of more than 680 pages of documents in the legal file, more than 2,300 pages of trial transcript covering more than 11 days of trial testimony, and 125 trial exhibits. In her brief, Wife does not support any of her asserted facts with the required citation to the record on appeal.

In addition to raising the omission of any citations to the record on appeal, Husband claims that Wife's statement of facts is "argumentative" and "fails to acknowledge the substantial evidence supporting the judgment[.]" He takes issue with the argument portions of her brief also, claiming that they "allude[] to matters . . . that are not in the record on appeal and

3

not included in her statement of facts." We need not reach the merits of these additional claims, however, because Wife's failure to support *any* fact asserted in her brief with a corresponding citation to the record on appeal, necessarily deprives *all* of her purported demonstrations of trial court error of any logical or analytical factual basis cognizable by this court based upon evidence in the record on appeal.

### No Legal Reasons Asserted for any Claimed Reversible Errors

Husband also claims that "[Wife's] points relied on are not in the proper form[.]"

Rule 84.04(d)(1)(A)–(C) mandates that a point on appeal shall, "[i]dentify the trial court ruling or action that the appellant challenges"; "[s]tate concisely *the legal reasons for the appellant's claim of reversible error*"; and "[e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." (Emphasis added.) The purpose of Rule 84.04(d)(1) "is to give notice to the opposing party as to the precise matters that must be contended with and to inform the court of the issues presented for review." ***In re Marriage of Weinshenker***, 177 S.W.3d 859, 863 (Mo.App. 2005) (internal quotation marks and citation omitted).

Wife's four points are as follows:

[Point 1.] The Trial Court erred in entering its Parenting Plan granting Sole Legal Custody to [Husband] and designating his residence as the address for Mailing and Educational purposes; in failing to consider the marital misconduct committed by [Husband] in its determination of Custody; and in approving a Parenting Plan of week on, week off, which is not in the best interest of the minor child.

[Point 2.] The Trial Court erred in its award of maintenance by [Wife] by disregarding the amount of her reasonable living expenses, improperly imputing income to her, and improperly designating a termination date without indication that [Wife] would be self-supporting at that time.

The Trial Court erred in its calculations of the presumed correct child support amount and in awarding child support to [Wife] by improperly imputing income to her and erring in its calculation of [Husband]'s income.

4

[Point 3.] The Trial Court erred in its orders distributing property and allocating debt by omitting certain property and debts; by improperly awarding [Husband] double-credit for debts assigned to him; by failing to determine accurate values for property, including the marital residence; by failing to consider marital misconduct committed by [Husband]; and by dividing the property and debt in an unfair and inequitable manner.

[Point 4.] The Trial Court erred in its award of Attorney Fees to [Wife] by failing to consider the relative economic resources of the parties and the misconduct of [Husband] throughout the proceedings and by failing to award an equitable amount of attorney fees to [Wife].

The Trial Court erred in dividing the expenses for Guardian ad Litem equally without considering [Husband]'s superior economic resources and the amount of fees incurred.

The Trial Court erred in catching the fact that my Husband didn't disclose all his retirement and his listing insurance as Term instead of Whole Life.

The Trial Court erred when allocating the debt to my Husband by leaving it on my credit cards allowing him to neglect to make payments. The debt amount of $77,908.65 needs to be allocated to him, on its own amount.

Husband is correct that Wife's points do not comply with Rule 84.04(d)(1) requirements and are deficient. While all of the points arguably identify and challenge a trial court ruling or action,[2] *see* Rule 84.04(d)(1)(A), none of them state the legal reasons for Wife's claims of reversible error, which, additionally, precludes the further required statement explaining why, in the context of this case, the legal reasons support Wife's claims of reversible error, *see* Rule 84.04(d)(1)(B)–(C). Some of Wife's points contain contextual connections that *imply* some underlying legal principle may be involved (e.g., suggesting that a miscalculation of income can give rise to a claim of trial court error as to an award of maintenance). Nowhere in her brief, however, does Wife identify or communicate any *specific* legal principle serving as the basis for any of her claims.

---

[2] Indeed, all of Wife's points relied on challenge multiple trial court rulings and actions and, as such, are multifarious. A point containing more than one basis for reversal is multifarious. ***Bowers v. Bowers***, 543 S.W.3d 608, 615 n.9 (Mo. banc 2018). "Multifarious points relied on are noncompliant with Rule 84.04(d) and preserve nothing for review." ***Id.***

"It is not sufficient to merely set out in the point what the alleged errors are without stating why the ruling is erroneous." ***In re Holland***, 203 S.W.3d 295, 299 (Mo.App. 2006). This includes not only identifying the legal reasons for such error, but also explaining why, in the context of this case, the legal reasons support Wife's claims of reversible error. The failure to provide those legal reasons and the factual context link between the alleged error and the asserted legal reasons for such error leaves both this court and Husband "guessing at the nature of [Wife's] argument." ***Waller v. Shippey***, 251 S.W.3d 403, 406 (Mo.App. 2008).

In our effort to reach the merits of Wife's points, we have looked to her arguments in support of those points. Unfortunately, none of her arguments offer any guidance with which we could attempt to ascertain the legal bases for her claims of error. As previously noted, the applicable standard of review for non-jury civil cases, including dissolution cases, is that "we affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." ***Saettele v. Saettele***, 560 S.W.3d 921, 924 (Mo.App. 2018) (citing ***Murphy v. Carron***, 536 S.W.2d 30, 32 (Mo. banc 1976)).[3] Like with her points relied on, however, Wife does not indicate anywhere in the argument portions of her brief which of these three avenues of review upon which she bases her claims of error. Instead, Wife, at most, merely provides a recitation of alleged facts, without any

---

[3] Although all of Wife's arguments contain a section heading entitled "standard of review[,]" all of those headings are followed only by recitations of trial court rulings, alleged facts, or both. None of these sections satisfy the Rule 84.04(e) requirement to include in the argument for each point "the applicable standard of review." "The standard of review is an essential portion of all appellate arguments; it outlines this court's role in disposing of the matter before us." ***Waller***, 251 S.W.3d at 406. While not our duty to supplement Wife's brief with our own research, including research as to the applicable standard of review, *see id.* (citing ***Thummel v. King***, 570 S.W.2d 679, 686 (Mo. banc 1978)), we choose to do so in order to illustrate why Wife's arguments fail to allow us to ascertain the legal issues, if any, that Wife has attempted to raise.

We also note that Wife's brief fails to comply with the additional Rule 84.04(e) requirement that "[f]or each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review [and] if so, how it was preserved[.]"

6

citation to the record or supporting legal authority, that Wife claims were ignored by the trial court. This not only fails to invoke any cognizable avenue of review, it also ignores a touchstone of appellate review that "[t]his Court accepts as true the evidence and reasonable inferences therefrom in the light most favorable to the trial court's judgment, and disregards all evidence and inferences to the contrary." *Landewee v. Landewee*, 515 S.W.3d 691, 694 (Mo. banc 2017).

### *No Citations to Relevant Legal Authority*

Husband also asserts that Wife's brief is deficient because "she cites no authorities in support of the issues raised in her brief." This assertion is accurate in that Wife's brief is devoid of any mention of or citation to any legal authority.

Under Rule 84.04(e), "[t]he argument shall substantially follow the order of 'Points Relied On.'" In other words, "[a]n argument must explain why, in the context of the case, the law supports the claim of reversible error. It should advise the appellate court how principles of law and the facts of the case interact." *In re Marriage of Fritz*, 243 S.W.3d 484, 487 (Mo.App. 2007). "If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned." *Johnson v. Buffalo Lodging Associates*, 300 S.W.3d 580, 582 (Mo.App. 2009).

### **Briefing Deficiencies Impede and Prevent Appellate Review**

"Compliance with the briefing requirements of Rule 84.04 is mandatory, and a brief that fails to comply with Rule 84.04 preserves nothing for appellate review." *In re Marriage of Chorum*, 469 S.W.3d 484, 490 (Mo.App. 2015). If possible, "we will review non-compliant briefs of *pro se* appellants *ex gratia*. We do so, however, only where the argument is readily understandable." *Hover v. Hover*, 581 S.W.3d 638, 641 (Mo.App. 2019) (internal quotation marks omitted); *see also Stangeland v. Stangeland*, 33 S.W.3d 696, 703 (Mo.App. 2000) (internal quotation marks and citations omitted) ("[B]ecause appellate courts are more tolerant

regarding technical requirements of Rule 84.04 when the questions presented relate to the welfare of children, we will review the issues presented on their merits, provided the argument is sufficient in conjunction with the points relied on to ascertain the issues being raised."). In this case, however, any attempt by this Court to determine whether Wife is entitled to relief would require us "to comb the record for support for her factual assertions, decipher her point on appeal, and locate legal authority for her argument[.]" ***Wong v. Wong***, 391 S.W.3d 917, 919-20 (Mo.App. 2013). In other words, we would be placed in the untenable position of becoming Wife's advocate, which is a role we cannot accept. *See* ***Hover***, 581 S.W.3d at 641; ***Wong***, S.W.3d at 920. In that context, Wife's briefing deficiencies impede and prevent appellate review of the trial court's dissolution judgment.

## Decision

The trial court's judgment in a court-tried case is presumed correct, and the appellant has the burden of demonstrating on appeal that it is erroneous. ***Chorum***, 469 S.W.3d at 490. Because the trial court's judgment is presumed correct, and, as already discussed, *supra*, Wife's brief preserves nothing for appellate review, Wife has failed in her burden to demonstrate any trial court error. Accordingly, her four points are denied, and the trial court's dissolution judgment is affirmed.[4]

GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS

---

[4] Husband's motion to dismiss Wife's appeal for Rule 84.04 violations, taken with the case, is denied.

8