CORRECTED 5-23-2022



# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| **EVAN J. GAREY,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD84831** |
| | ) | |
| **v.** | ) | **OPINION FILED:  May 3, 2022** |
| | ) | |
| **DIVISION OF EMPLOYMENT** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### Appeal from the Labor and Industrial Relations Commission

Before Division Three:  Gary D. Witt, Presiding Judge, Anthony Rex Gabbert, Judge and W. Douglas Thomson, Judge

Evan J. Garey ("Garey") appeals the decision of the Labor and Industrial Relations Commission ("Commission").  The Commission denied the application for review of the decision of the Division of Employment Security ("DES") Appeals Tribunal, which found, following an evidentiary hearing, that Garey was disqualified from receiving unemployment benefits because he was discharged for misconduct connected to his work. Garey's initial appellate brief was struck for failure to comply with Rule 84.04.  Because Garey's amended appellate brief also fails to comply with the briefing requirements under Rule 84.04, we dismiss the appeal.

## Factual Background

Garey was employed from April 15, 2019, until June 24, 2019, at Top Shelf Boat and Lift, LLC ("Top Shelf") as an installer helper. During Garey's two months of employment, he was absent six times, including three unexcused absences. Top Shelf terminated Garey's employment as a result of the absences. Garey filed an application for unemployment benefits with a DES deputy, who initially found Garey was "not disqualified" from receiving benefits because the "discharge was not for misconduct connected with work." Top Shelf appealed the deputy's determination to the DES Appeals Tribunal, which held a telephonic evidentiary hearing. Garey did not attend the evidentiary hearing and later claimed he did not receive notice of the hearing until two days after the hearing. Following the evidentiary hearing, the Appeals Tribunal reversed the deputy's determination and concluded Garey did not qualify for unemployment benefits because he had been terminated for "misconduct" under section 288.050.2,[1] which includes "chronic absenteeism or tardiness in violation of a known policy of the employer[.]" *See* section 288.030.1(23)(c).

Garey appealed the Appeals Tribunal's decision to the Commission. The Commission denied application for review because Garey had not alleged good cause for his failure to appear at the evidentiary hearing; therefore, absent evidence supporting Garey, the Commission could not engage in meaningful review, and accordingly, the

---

[1] All statutory references are to Missouri Revised Statutes (2016), as updated by supplement, unless otherwise indicated.

Commission adopted the Appeals Tribunal decision for purposes of appeal. Garey appeals the Commission's decision.

## Analysis

Garey raises two points on appeal, both of which are deficient. The requirements for appellate briefing are provided in Rule 84.04. An appellant's brief must contain: (1) a detailed table of contents; (2) a concise statement of the grounds on which jurisdiction of the review court is invoked; (3) a statement of facts; (4) the points relied on; (5) an argument, which shall substantially follow the order of the points relied on; and (6) a short conclusion stating the precise relief sought. Rule 84.04(a)(1)-(6). "Rule 84.04's requirements are mandatory." *Lexow v. Boeing, Co.*, No. SC 99199, 2022 WL 791953, at *2 (Mo. banc Mar. 15, 2022). "Although this Court prefers to reach the merits of a case, excusing technical deficiencies in a brief, it will not consider a brief so deficient that it fails to give notice to this Court and to the other parties as to the issue presented on appeal." *Id.* (internal quotations and citations omitted). "A party appearing *pro se* is held to the same standards as a licensed attorney and, as such, his brief must substantially meet the requirements of Rule 84.04." *B.A. v. Ready*, 634 S.W.3d 653, 655-56 (Mo. App. W.D. 2021). "Dismissal is particularly appropriate where appellant makes no effort to correct the deficient points in his amended brief, even after being put on notice that they were inadequate." *Sharp v. All-N-One Plumbing*, 612 S.W.3d 240, 245 (Mo. App. W.D. 2020).

"Where the appellate court reviews the decision of an administrative agency, rather than a trial court, each point shall: (A) Identify the administrative ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of

3

reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error."  Rule 84.04(d)(2).  The point shall be in substantially the following form:  "The [*name of agency*] erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review*], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error*]."  *Id.* "The explanation or relation between the ultimate error and the legal theory is a necessary portion of a point relied on[.]"  *Waller v. Shippey*, 251 S.W.3d 403, 406 (Mo. App. W.D. 2008).  "Without such a link, both this court and the respondents are left guessing at the nature of appellant's argument."  *Id.*

Garey's points relied on do not comply with Rule 84.04.  Garey's first point reads:

Appellant Garey claims he was improperly dismissed from employment with Top Shelf per Missouri Employment Security Law, Chapter 288.030.1 (23) (c), RSMo. 2016 (Appendix 'F', page APX-07), Top [S]helf in their second submission to DES claimed Garey was 'chronically' absent which ironically was not addressed nor mentioned in their first submission.  Per document (Appendix 'H') submitted to DES by Top Shelf they indicated Garey was absent on June 24, 2019 -- the date he was dismissed.  Garey contends he was in fact working at Top Shelf the morning of June 24, 2019 when he was summoned to the office to speak with co-owner Stacie Fultz, alone in her office.  She told Garey he was not catching on quick enough to remain in employment with Top Shelf and was dismissed.  This was Garey's birthday and he remembers exactly what happened that morning.  Garey, rather upset over being fired on his birthday, did in fact call his father, Duane Garey, on his way home from Top Shelf.  Refer letter (Appendix 'I') submitted by Duane Garey.  Please refer now to document dated June 20, 2019 (Appendix 'J") which is an "Employee Warning Notice Form' prepared by Stacie Fultz of Top Shelf, issued to Garey stating protocol for calling in sick also indicating a follow-up meeting would be held August 16, 2019.

Garey's second point on appeal provides:

4

Garey did not receive 'Due Notice' of the DES Tribunal Telephone Hearing (Appendix 'D') and therefore was deprived of his right to present his case to the Tribunal Referee. In August 2020 Garey and his wife moved from Branson MO to Kansas City MO and promptly filed a change-of-address form with the USPS. The notice of Telephone Hearing was allegedly mailed during the holiday season to Garey's former residence in Branson MO. Garey has claimed all along he did not receive this notice.

Garey's points fail to meet our briefing requirements. Both points fail to (1) identify a specific point of reversible error of the agency, (2) explain the legal reason for the claim of reversible error, and (3) explain why the legal reason, in the context of this case, supports a claim of reversible error. Without an identification of the claim of reversible error and the supporting legal reasons, this Court and DES are left guessing what argument Garey is attempting to present. And the Court's guess may be different than Garey's intent or DES's interpretation of the argument. *See Treaster v. Betts*, 297 S.W.3d 94, 95 (Mo. App. W.D. 2009). For example, Garey may wish to argue the sufficiency of the evidence presented at the evidentiary hearing; he may attempt to argue he suffered a constitutional violation of due process; or he may contend the Commission's statutory interpretations of "misconduct" and "chronic absenteeism" are incorrect as a matter of law. If this Court assumed Garey's argument, we would be improperly advocating on Garey's behalf, which we cannot do.[2]

Garey's reply brief makes an argument which is a common misconception. Responding to DES's assertion that Garey's amended brief violates Rule 84.04, Garey

---

[2] Along with deficient points relied on, Garey's amended brief fails to comply with Rule 84.04 in numerous additional ways. We will identify the deficiencies without analyzing all of them. They include: (1) the brief lacks a detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited; (2) the statement of facts lacks specific page references to the legal file or transcript; (3) the points relied on do not include a list of cases or other authority upon which the party principally relies; (4) the argument does not contain a concise statement of the applicable standard of review for each claim of error; (5) the appendix is not separate from the brief, (6) the point relied on does not cite the applicable statute authorizing our review.

5

states, "Appellant's first attempt was submitted to the clerk of this court and was rejected for not following Rule 84 Guidelines. Appellant was given the exact format to follow by the clerk. Appellant then completed a second brief which was briefed by the court clerk and *accepted in compliance*." (Emphasis added). This statement is incorrect. The clerk of the court may strike an appellant's initial brief for noncompliance but will not strike an amended brief, leaving it to the judges of the division assigned to the case to make the final determination as to the brief's compliance with the Rule. *See, e.g.*, *Nicol v. Nicol*, 491 S.W.3d 266, 268 (Mo. App. W.D. 2016). Therefore, as Garey was cautioned in a letter from the clerk:

> Your amended brief may not be reviewed for compliance until the case is submitted. Therefore, the fact that the filing of an amended appellant's brief does not result in a second rejection for non-compliance should *not* be construed as an indication that the amended brief complies with Rule 84.04. Upon assignment of the case to a division of the Court, the Court still may dismiss a point or an entire appeal upon a determination that the appellant's brief still fails to comply with Rule 84.04.

Accordingly, because Garey's amended brief fails to comply with Rule 84.04 to the extent that it prohibits our proper review, we must dismiss his appeal.

### Conclusion

For the foregoing reasons, Garey's appeal is dismissed.

_____
Gary D. Witt, Judge

All concur

6