In re the MARRIAGE OF Lindell Lee
TANNER and Kathleen Tanner

Lindell Lee Tanner,
Petitioner/Appellant/Cross–Respondent,

v.

Kathleen Tanner,
Respondent/Respondent/Cross–
Appellant.

Nos. ED 88349, ED 88585.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 19, 2008.

Lawrence G. Gillespie, Gillespie Hetlage
& Coughlin LLC, Clayton, MO, for appellant.

Lance R. Drury, Law Firm of Lance R.
Drury, Ste. Genevieve, MO, for respondent.

Before KATHIANNE KNAUP
CRANE, P.J., ROBERT G. DOWD, JR.,
J., and KENNETH M. ROMINES, J.

PER CURIAM.

Husband appeals from a decree of dissolution of marriage and wife cross-appeals. Husband asserts that the trial court erred in failing to identify the separate property of each party prior to allocating the marital property, failing to include in the decree a legal description of the real estate, and in awarding wife statutory modifiable maintenance in the amount of $350 per month. Wife contends that the trial court erred in distributing a disproportionate amount of marital property to husband. We reverse the judgment with respect to the omission of the legal descriptions of the two parcels of real estate subject to the decree and remand with directions. We affirm the remainder of the judgment pursuant to Rule 84.16(b).

Lindell Lee Tanner [husband] and Kathleen Tanner [wife] were married on June 6, 1980. One child was born of the marriage but was emancipated at the time of trial. Husband filed a petition for dissolution on April 25, 2005, and wife filed a counter-petition for dissolution.

After a multiday trial in late 2005 and early 2006, the trial court entered a judgment on May 2, 2006. It awarded to husband a ten acre parcel of real estate on Misplay Road and the mobile homes thereon, which had been the parties' marital residence, and any and all interests in real property located in the State of Arkansas. It also divided the parties' personal property. It found that wife lacked sufficient property to provide for her reasonable needs and that she was unable to support herself through appropriate employment. It awarded wife $350.00 per month as statutory modifiable maintenance.

Husband thereafter filed a motion to amend the trial court's order of dissolution and an alternative motion for a new trial. After the hearing, the trial court ordered an insurance check received after dissolution to be allocated to husband, but did not otherwise amend the judgment.

## DISCUSSION

■ One of husband's claims on appeal is that the trial court failed to include in its decree a legal description of the Arkansas and Misplay Road real estate. Husband does not refer to any place in the record in which he provided the trial court with a legal description of either of these parcels of real estate.[1] Likewise, he does not refer to any place in the record where he made a request for the legal descriptions. The record on appeal does not contain any legal descriptions. In addition, husband did not request the judgment be amended to include legal descriptions as required by Rule 78.07(c). *See Wilson–Trice v. Trice,* 191 S.W.3d 70, 72 (Mo.App. 2006). Ordinarily, we cannot convict a trial court of error for failing to take action that was never requested. *In re Marriage*

*of Neu,* 167 S.W.3d 791, 798 (Mo.App. 2005).

■ However, a dissolution decree must contain a complete legal description of any real estate awarded in the decree. *Ricklefs v. Ricklefs,* 39 S.W.3d 865, 879–80 (Mo. App.2001); *Douglas–Hill v. Hill,* 1 S.W.3d 613, 621 (Mo.App.1999); *Lance v. Lance,* 979 S.W.2d 245, 248 (Mo.App.1998). A full legal description is required in order to ensure that the filing of the decree with the recorder of deeds is effective in dispelling future questions about the title to that land. *Ricklefs,* 39 S.W.3d at 879; *Douglas–Hill,* 1 S.W.3d at 622.

Although this error was wholly unpreserved, it merits plain error relief because the omission in the judgment will impact the chain of title to these properties. Accordingly, we reverse the judgment with respect to this omission and remand the cause to the trial court with directions to order husband to file the full legal descriptions for these two parcels of real estate and to enter an amended judgment that contains those legal descriptions.

The remainder of the trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). No jurisprudential purpose would be served by a written opinion addressing husband's remaining claims and wife's cross-appeal. The remainder of the judgment is affirmed in accordance with Rule 84.16(b), and the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this action.

The judgment is reversed in part and remanded with directions as set out in this opinion. In all other respects it is af-

1. Husband had different counsel in the trial court.

firmed.[2]

---

2. Husband's motions to dismiss or strike wife's cross-appeal are denied as moot.