Agnes Marie HUGHES,
Appellant/Cross–
Respondent,

v.

Charles D. HUGHES,
Respondent/Cross–
Appellant.

Nos. WD 67324, WD 67364.

Missouri Court of Appeals,
Western District.

March 4, 2008.

Michael Leslie Taylor, St. Joseph, for Appellant.

Anita Rodarte, Kansas City, Thomas R. Summers, St. Joseph, for Respondent.

PAUL M. SPINDEN, Presiding Judge.

In appealing the circuit court's judgment to dissolve their marriage, Agnes Marie Hughes and Charles D. Hughes contend that the circuit court erred in dividing their marital property and in its handling of the assets of corporations with which Charles Hughes was associated. Agnes Hughes also complains that that the circuit court erred in denying her request for attorney fees. We reverse the circuit court's judgment and remand the case to the circuit court.

Because it questions the circuit court's authority, we first address Charles Hughes's claim that the circuit court lacked jurisdiction to divide and to dispose of the assets of various corporations with which Charles Hughes was associated. In its judgment, the circuit court set aside as Charles Hughes's non—marital property the bank account of Chuck Hughes, D.C., P.C., a corporation that Hughes established before his marriage for purposes of facilitating his practice as a chiropractor. The circuit court also set aside as Hughes's non—marital property 100 percent of the bank account and 50 percent of the accounts receivable of Total Health Associates, L.L.C., a company that Hughes and his father, also a chiropractor, formed to manage their chiropractic practice. It further set aside to Hughes as non-marital property 100 percent of the bank account and office building belonging to H & H Investment Properties, L.L.C., a company that Hughes organized to provide a building for their chiropractic practice.[1] Hughes held 990 of H & H Investment Properties' 1000 outstanding shares.

Charles Hughes asserts that the circuit court lacked jurisdiction to make any award concerning the corporations' assets because the corporations were not joined as parties to the dissolution of mar-

---

1. The circuit court found that the parties used during their marriage $164,249 of marital funds to reduce liabilities associated with the office building. Consequently, the circuit court concluded that Agnes Hughes had a marital interest in the building. The court valued the parties' marital interest in the building at $164,249 and set aside that amount to Charles Hughes as his marital real property. The circuit court subtracted the $164,249 marital interest from $360,000, which it declared to be the office building's value, and it set aside the remainder, $195,751, to Charles Hughes as his non—marital property.

riage proceeding. In a dissolution decree, a court may not exercise control over property belonging to a non-party, including a corporation, even if one of the spouses is the sole shareholder. *Comninellis v. Comninellis*, 99 S.W.3d 502, 512 (Mo.App. 2003). Unless a corporation is a party to the action, the circuit court has authority to divide and to dispose only the corporation's stock, not its assets. *Chen v. Li*, 986 S.W.2d 927, 934 (Mo.App.1999). This check on the circuit court's authority results from a corporation's—not its shareholders'—being the titled owner of the corporation's assets. *Penn v. Penn*, 655 S.W.2d 631, 632–33 (Mo.App.1983). *See also* Section 347.061.1, RSMo 2000 ("Property transferred to or otherwise acquired by a limited liability company becomes property of the limited liability company. A member has no interest in specific limited liability company property."). The circuit court " 'has no jurisdiction to enter a decree dividing property that is not owned by either spouse.' " *Mehra v. Mehra*, 819 S.W.2d 351, 356 (Mo. banc 1991) (citation omitted). If the corporation is a party to the litigation, however, the circuit court has "jurisdiction to *consider* the corporate assets in its division of property." *Comninellis*, 99 S.W.3d at 508 (emphasis added).

Because Chuck Hughes, D.C., P.C., Total Health Associates, and H & H Investment Properties were not parties to the dissolution proceeding, the circuit court erred in exercising control over their assets. The circuit court had authority to divide and to dispose of only Charles Hughes's stock in the corporations, which it did.[2] The circuit court exceeded its jurisdiction when it divided and disposed of Chuck Hughes, D.C., P.C.'s bank ac-

count, Total Health Associates' bank account and accounts receivable, and H & H Investment Properties' bank account and office building.

■ "If a trial court enters a judgment that was beyond its jurisdiction, that judgment is void." *Doss v. Howell—Oregon Electric Cooperative, Inc.*, 158 S.W.3d 778, 782 (Mo.App.2005). In this case, the portion of the judgment dividing and disposing of the corporations' assets is void; therefore, we cannot review Agnes Hughes's claim that the circuit court erred in awarding the three corporations' bank accounts and Total Health Associates' accounts receivable to Charles as his non—marital property. Nor can we review Charles Hughes's claim that the circuit court erred in concluding that Agnes Hughes had a marital interest in the building owned by H & H Investment Properties. To address alleged errors concerning a voided judgment would be to render an advisory opinion, which we cannot do. *Hill v. Hill*, 67 S.W.3d 659, 661 (Mo.App. 2002).

We, therefore, reverse the circuit court's judgment and remand the case to it for further proceedings consistent with this opinion.[3] The corporations' assets constitute over half of the total value of the property divided in the judgment. When the circuit court acquires jurisdiction to consider these assets in its property division, its determination of whether the assets are marital or non—marital may affect the equity of the remainder of the property division and Agnes Hughes's request for attorney fees. The circuit court, therefore, should reconsider these issues

---

**2.** The circuit court awarded Charles Hughes's stock in Chuck Hughes, D.C., P.C., to which it did not assign a value, and his stock in Total Health Associates, which it valued at

$108,192, to Charles Hughes as his non-marital property.

**3.** The portion of the judgment dissolving the parties' marriage is valid and is affirmed.

on remand. *Glenn v. Glenn*, 930 S.W.2d 519, 526 (Mo.App.1996). *See also McCallum v. McCallum*, 128 S.W.3d 62, 67 (Mo. App.2003) (finding that, after reversing the property division, reversal of attorney fees award was proper because division of marital property "influences" the amount of attorney fees awarded).[4]

■ The only point remaining is Charles Hughes's claim that the circuit court erred by not including legal descriptions of the real property awarded in the judgment. We agree. " 'Where real estate is affected by a dissolution decree either by setting apart non—marital property and thereby extinguishing one spouse's claim through the marriage relationship or by division of marital property as equivalent to conveyance, full legal descriptions must be included in the judgment.' " *Lance v. Lance*, 979 S.W.2d 245, 248 (Mo.App.1998) (citation omitted). Legal descriptions of property awarded in the judgment "ensure that the filing of the dissolution decree with the recorder of deeds is effective in dispelling future questions as to land title." *Douglas–Hill v. Hill*, 1 S.W.3d 613, 622 (Mo.App.1999). On remand, the circuit court should correct this error.

JAMES M. SMART, JR., Judge, and JOSEPH M. ELLIS, Judge, concur.

---

**4.** In determining whether or not to award attorney fees, the circuit court must consider "all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action." Section 452.355.1, RSMo 2000.